# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
## LYNCHBURG DIVISION

| | |
|---|---|
| THOMAS J. O'CONNELL,<br>                                            *Plaintiff*,<br><br>v.<br><br>CAROLYN W. COLVIN, COMMISSIONER OF SOCIAL SECURITY,<br>                                            *Defendant*. | CASE NO. 6:13–cv–00035<br><br>MEMORANDUM OPINION<br><br>JUDGE NORMAN K. MOON |

This matter is before me on the parties' motions for summary judgment , the Report & Recommendation of United States Magistrate Judge Robert S. Ballou, Plaintiff's objections to the R&R, and the Commissioner of Social Security's ("Commissioner" or "Defendant") Response thereto. Pursuant to 28 U.S.C. § 636(b)(1)(B), I referred this matter to the Magistrate Judge for proposed findings of fact and a recommended disposition. The Magistrate Judge filed his R&R, advising that I should deny Plaintiff's Motion for Summary Judgment, and grant the Commissioner's Motion for Summary Judgment. Plaintiff timely filed his objections, obligating me to undertake a *de novo* review of those portions of the R&R to which proper objections were made. *See* 28 U.S.C. § 636(b)(1)(B); *Farmer v. McBride*, 177 F. App'x 327, 330 (4th Cir. 2006). For the following reasons, I will overrule Plaintiff's objections and adopt the Magistrate Judge's R&R in full.

## I. BACKGROUND

1

On December 6, 2010, Plaintiff Thomas O'Connell ("Plaintiff" or "O'Connell") filed an application for Disability Insurance Benefits ("DIB") payments under Title II of the Social Security Act (the "Act"), 42 U.S.C. §§ 401–433, 1381–1383f. Plaintiff's last insured date was December 31, 2012, and thus to receive DIB benefits, he must show that his disability began before that date and existed for twelve continuous months. 42 U.S.C. § 423(a)(1)(A), (c)(1)(B); 20 C.F.R. §§ 404.101(a), 404.131(a).

Plaintiff was sixty-one years old when he filed his application in December 2010. He claimed his disability began on December 15, 2009, as a result of both mental and physical impairments. Plaintiff's physical impairments include complete loss of hearing in his right ear, partial loss of hearing in his left ear, difficulties maintaining balance, and arthritic gout in his feet. Plaintiff's loss of hearing occurred as a result of "sudden sensorineural hearing loss," and it now causes severe ringing in his ears, which "makes it difficult to focus and concentrate." Plaintiff's mental impairments consist of depression and anxiety. He claims his depression and anxiety occasionally render him unable to concentrate, focus, or sleep. Plaintiff most recently worked as an attorney, practicing intellectual property law. In late 2007, he left the practice due to a stressful divorce.

### A. The ALJ's Decision

The Commissioner denied Plaintiff's application at the initial and reconsideration levels of administrative review, and on August 22, 2012, an Administrative Law Judge ("ALJ") held a hearing to consider Plaintiff's disability claim. Plaintiff was represented by counsel at the hearing, which included testimony from Plaintiff as well as a vocational expert ("VE"). At the hearing, Plaintiff testified that he is disabled due to hearing loss, gouty arthritis of the feet,

2

alcoholism, and anxiety disorder. On August 30, 2012, the ALJ entered his decision denying Plaintiff's claim.

Determining Social Security disability involves a five-step inquiry. *Walls v. Barnhart*, 296 F.3d 287, 290 (4th Cir. 2002). In this process, the Commissioner asks whether (1) the claimant is engaged in substantial gainful activity; (2) the claimant has a medical impairment (or combination of impairments) that are severe; (3) the claimant's medical impairment meets or exceeds the severity of one of the impairments listed in Appendix I of 20 C.F.R. Part 404, Subpart P; (4) the claimant is able to perform her past relevant work; and (5) the claimant can perform other specific types of work. *Johnson v. Barnhart*, 434 F.3d 650, 653 n.1 (4th Cir. 2005) (citing 20 C.F.R. § 404.1520). The claimant has the burden of production and proof in Steps 1–4. *See Hunter v. Sullivan,* 993 F.2d 31, 35 (4th Cir. 1992) (per curiam). At Step 5, however, the burden shifts to the Commissioner "to produce evidence that other jobs exist in the national economy that the claimant can perform considering his age, education, and work experience." *Id.* If a determination of disability can be made at any step, the Commissioner need not analyze subsequent steps. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

First, the ALJ found that Plaintiff had not engaged in substantial gainful activity since December 15, 2009, the alleged onset date of his disability. He further found that Plaintiff suffered from hearing loss, gouty arthritis of the feet, possible mild degenerative joint disease in the hands and feet, anxiety disorder, adjustment disorder, and history of substance abuse. The ALJ found that these impairments caused more than minimal functional limitations and were thus "severe" under step two of the disability analysis. Nonetheless, at step three of the inquiry, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that

3

met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.

Based on a consideration of Plaintiff's medical record, the ALJ determined that the Plaintiff had the residual functional capacity ("RFC") to perform medium work as defined in 20 C.F.R. § 404.1567(c), but that such work should not require anything more than occasional climbing, kneeling, and crawling. The ALJ also stated that Plaintiff should avoid concentrated exposure to noise. In light of Plaintiff's RFC assessment and the VE's testimony, the ALJ determined that Plaintiff could perform work as a hospital cleaner or kitchen helper. The ALJ therefore determined that Plaintiff is not disabled. On May 29, 2013, the Appeals Council denied Plaintiff's request for review, and the ALJ's decision became the Commissioner's final decision under 42 U.S.C. § 405(g). Plaintiff filed this suit on June 27, 2013, seeking review of the Commissioner's decision.

### B. The Summary Judgment Motions

In his summary judgment filings, Plaintiff argues that the ALJ committed five errors. First, he contends the ALJ failed to properly consider the extent and impact of Plaintiff's hearing loss in determining Plaintiff's RFC. Second, he argues the ALJ erred in relying upon the opinion of Dr. William Humphries. Third, Plaintiff argues the ALJ erroneously failed to give greater weight to the opinion of Dr. David Hartman. Fourth, Plaintiff argues that the ALJ's credibility findings are not supported by substantial evidence. Finally, he argues the ALJ erred in finding that he can perform medium work as defined in 20 C.F.R. § 404.1567(c).

In response, Defendant states the ALJ thoroughly considered Plaintiff's medical record and reasonably accounted for Plaintiff's hearing limitations by assigning him work that requires

4

"no hearing ability at all." Second, Defendant asserts that the ALJ's consideration of Drs. Humphries and Hartmans' opinions is supported by substantial evidence. Third, Defendant argues that the ALJ's decision regarding Plaintiff's credibility is supported by substantial evidence because, among other things, Plaintiff misrepresented the extent of his alcohol consumption during his hearing before the ALJ. Finally, Defendant argues substantial evidence supports the ALJ's decision concerning Plaintiff's ability to perform medium work.

### C. The Magistrate Judge's Report and Recommendation

Magistrate Judge Robert S. Ballou recommends denying Plaintiff's motion for summary judgment and granting the Commissioner's motion. In his R&R, the Magistrate Judge thoroughly addressed each of Plaintiff's five arguments. First, the Magistrate Judge found the ALJ properly accounted for the severity of Plaintiff's hearing impairment by recommending work that requires "no hearing ability at all." Second, the Magistrate Judge found the ALJ properly relied upon the opinion of Dr. William Humphries because it was consistent with the objective evidence in Plaintiff's medical record. He also found that the ALJ appropriately refrained from assigning controlling weight to Dr. Hartman's opinion because it was inconsistent with Plaintiff's medical record. With respect to Plaintiff's fourth argument, the Magistrate Judge found substantial evidence supports the ALJ's credibility determination because of the conservative nature of Plaintiff's treatment as well the inconsistent nature of his administrative testimony. Finally, the Magistrate Judge determined substantial evidence supports the ALJ's determination that Plaintiff can perform "medium work" as defined in 20 C.F.R. § 404.1567(c).

5

Plaintiff timely filed objections to the R&R.  Many of his objections are attempts to recast arguments from his summary judgment motion into objections to the R&R.[1]  I will not duplicate the efforts of the Magistrate Judge in addressing those objections.  *Veney v. Astrue*, 539 F. Supp. 2d 841, 845 (W.D. Va. 2008).  Plaintiff's filing does not fail in its entirety, however, as he made two proper objections to the R&R.  First, he objects to the R&R on the grounds that "[t]he Court erred in finding [P]laintiff's failure to obtain a hearing aid and failure to seek continued treatment for his hearing loss support the ALJ's determination that [P]laintiff's hearing loss is not as limited as [P]laintiff claims."  Objections to R&R ¶ 1.  Second, he objects on the grounds that "[t]he Court erred in concluding the ALJ did not rely primarily on [P]laintiff's Global Assessment of Functioning ("GAF") scores in assessing Plaintiff's mental impairments.  *Id.* ¶ 3.

## II. STANDARD OF REVIEW

A reviewing court must uphold the factual findings of the ALJ if they are supported by substantial evidence and were reached through application of the correct legal standard.  *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996).  Substantial evidence is not a large or considerable amount of evidence.  *Pierce v. Underwood*, 487 U.S. 552, 555 (1988).  Rather, it comprises "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting

---

[1] Consider Plaintiff's summary judgment memorandum, where he argues the "[t]he ALJ . . . erroneously relie[d] upon the opinion of consultative examiner Dr. William Humphries that plaintiff's 'hearing appeared to be within the normal range as he responded appropriately to the spoken voice and normal volume at 2 to 4 feet.'"  He argues it was erroneous because "plaintiff can hear better [in a quiet room with no background noise] than he can in an environment with background noise and competing noise."  Compare this with Plaintiff's objections, where he argues "[t]he Court erred in finding the ALJ properly relied upon Dr. Humphries' opinion that plaintiff can respond appropriately to the spoken voice and normal volume at 2 to 4 feet."  Plaintiff again argues it was erroneous for the ALJ to rely upon his opinion because "plaintiff can hear better [in a quiet room with no background noise] than he can in an environment with background noise and competing noise."

6

Case 6:13-cv-00035-NKM-RSB   Document 21   Filed 09/30/14   Page 6 of 11   Pageid#: 883

*Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)), and "consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966).

In determining whether the ALJ's decision was supported by substantial evidence, a reviewing court may not "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment" for that of the ALJ. *Craig*, 76 F.3d at 589 (citation omitted). "Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the Secretary (or the Secretary's designate, the ALJ)." *Id.* (quoting *Walker v. Bowen*, 834 F.2d 635, 640 (7th Cir. 1987)). "Ultimately, it is the duty of the administrative law judge reviewing a case, and not the responsibility of the courts, to make findings of fact and to resolve conflicts in the evidence." *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Even if the court would have made contrary determinations of fact, it must nonetheless uphold the ALJ's decision, so long as it is supported by substantial evidence. *See Whiten v. Finch*, 437 F.2d 73, 74 (4th Cir. 1971). The issue before this Court is not whether Plaintiff is disabled, but whether the ALJ's determination is reinforced by substantial evidence, and whether it was reached through correct application of the law. *Craig*, 76 F.3d at 589.

With respect to objecting to a magistrate judge's report, Federal Rule of Civil Procedure 72 permits a party to submit objections to a magistrate judge's ruling within fourteen days of the order. Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b). The district court conducts a *de novo* review of those portions of a magistrate's report and recommendation to which specific objections were made. Fed. R. Civ. P. 72(b)(3); *Orpiano v. Johnson*, 687 F.2d 44, 48 (4th Cir. 1982). General objections to a magistrate judge's report and recommendation, reiterating

arguments already presented, lack the specificity required by Rule 72 and have the same effect as a failure to object. *Veney,* 539 F. Supp. 2d at 845. This Court will thus not address those objections that merely repeat arguments previously addressed by the magistrate judge. *Id.* Those portions of the magistrate judge's report and recommendation to which no objection are made will be upheld unless they are clearly erroneous or contrary to law. *See Orpiano*, 687 F.2d at 47 (citing *Webb v. Califano*, 468 F. Supp. 825, 830 (E.D. Cal.1979)). The district court may accept, reject, or modify the recommended disposition based on its *de novo* review of the recommendation and the objections made. Fed. R. Civ. P. 72(b)(3).

### III. DISCUSSION

#### A. Plaintiff's Failure to Obtain Hearing Aid or Seek Additional Treatment

Plaintiff objects to the R&R on the grounds that the Magistrate Judge "erred in finding [P]laintiff's failure to obtain a hearing aid and failure to seek continued treatment for his hearing loss support the ALJ's determination that plaintiff's hearing loss is not as limited as plaintiff claims." Objections to R&R ¶ 1. Plaintiff also contends that the R&R failed to consider how his tinnitus interferes with his ability to work. Essentially, Plaintiff contends that the ALJ erred in failing to determine that his hearing loss and tinnitus leave him unable to maintain substantial gainful employment. I will limit my review to whether substantial evidence supports the ALJ's decision in this regard.

To some extent, the Magistrate Judge did err in reasoning that Plaintiff's ability to pay for assistance with house and yard work necessarily meant that he also possessed the resources to purchase a $2,000 hearing aid. This mistake, however, is irrelevant given the existence of other substantial evidence that supports the ALJ's decision. For instance, Plaintiff contends that his

8

hearing loss is so severe as to preclude him from engaging in any gainful employment, but plaintiff has only seen a hearing specialist twice, once in February 2010, for an initial appointment, and again in December of that year for a follow up. In 2011, a treating physician determined his hearing to be within the normal range and found that he could respond appropriately to speech at a normal volume. This finding is supported by an audiogram showing that Plaintiff has 100 percent word recognition in his left ear. For Plaintiff's hearing loss to qualify as a listed disability, he must demonstrate that he has a word recognition score of 40 percent or less in his better ear. 20 C.F.R. § 404.1520, pt. 404, subpt. P, app. 1, § 2.10.[2] Further, two of the representative jobs identified by the VE require no hearing ability. *See* DICTIONARY OF OCCUPATIONAL TITLES ("DOT") 920.587-010; 323.687-010.

      Plaintiff's objections with respect to the ALJ's treatment of his tinnitus are also without merit. Plaintiff's citations to the administrative record do not support his contention that his tinnitus has affected his concentration and anxiety to the point where he cannot engage in any employment. Indeed, numerous treating physicians have opined that his attention and concentration are good, or that at worst, he has only moderate difficulty in maintaining concentration, persistence, or pace. Plaintiff argues that any employment will entail background noise that will interfere with his ability to interact with supervisors and co-workers. At least one of the jobs cited by the vocational expert, hospital cleaner, requires no hearing and is a "Noise Level: Level 2 – Quiet" environment. DOT 323.687-010. Therefore I find that substantial

---

[2] Alternatively, a claimant may qualify by demonstrating an average air conduction hearing threshold of 90 decibels or greater in his better ear and an average bone conduction hearing threshold of 60 decibels or greater in his better ear, a threshold Plaintiff also fails to reach. *Id.*

evidence supports the ALJ's decision that Plaintiff's limitations are not so severe as to prevent him from engaging in all substantial gainful employment.

### B. The ALJ's Reliance on Plaintiff's GAF scores

Plaintiff also argues that the Magistrate Judge erred in finding that the ALJ's determination of his mental impairments' severity was supported by substantial evidence. Specifically, Plaintiff contends that the ALJ "relied primarily" on his GAF scores and failed to fully consider the other evidence in the record, such as his GAF scores while treating with Dr. Hartman. Objections to R&R ¶ 1. Plaintiff's arguments essentially ask this Court to re-weigh the evidence and come to a different conclusion than the ALJ. However, that is not the function of this Court, and substantial evidence clearly supports the ALJ's finding that Plaintiff's mental impairments do not render him unable to maintain substantial gainful employment.

The ALJ thoroughly discussed all record evidence of Plaintiff's mental impairment. The ALJ considered Plaintiff's medication history, the notes of his treating physicians, and his own testimony as to his mental well-being. Plaintiff's GAF scores are mentioned fewer than a half-dozen times, and always in a wider discussion of his impairment, i.e.:

> He was alert and oriented, polite, cooperative, and he made appropriate eye contact. There was no psychomotor agitation or retardation. His thought process was linear, logical, and goal-directed, and thought content was negative for suicidal ideation. His attention and concentration were very good, and his insight and judgment were good. He was diagnosed with major depressive disorder moderate, panic disorder without agoraphobia preliminary diagnosis, adjustment disorder with anxious features preliminary diagnosis, and history of alcohol dependence, with a GAF score of 55. He was prescribed sertraline and trazodone.

R. 23. As to Plaintiff's argument that the ALJ failed to consider his GAF scores while under the treatment of Dr. Hartman, even the lowest score he received from Dr. Hartman, 50, would have

10

"minimal relevance" in determining the severity of his impairment. *See Allen v. Comm'r of Soc. Sec.*, 2:09CV265, 2010 WL 1142031, at *10 (E.D. Va. Feb. 24, 2010) (discussing the significance courts attach to GAF scores when awarding social security benefits and holding that the plaintiff's score of 50 was of little probative value).

I find the ALJ properly considered all of the evidence at issue and that substantial evidence supports his determination

## IV. CONCLUSION

After undertaking a *de novo* review of those portions of the R&R to which Plaintiff properly objected, I find that substantial evidence supports the ALJ's conclusions. Accordingly, I will enter an Order overruling Plaintiff's objections, adopting the Magistrate Judge's R&R in full, granting the Commissioner's Motion for Summary Judgment, denying Plaintiff's Motion for Summary Judgment, and dismissing this action and striking it from the active docket of the Court.

The Clerk of the Court is hereby directed to send a certified copy of this Memorandum Opinion and the accompanying Order to all counsel of record, and to United States Magistrate Judge Robert S. Ballou.

Entered this 30th day of September, 2014.

_____
NORMAN K. MOON
UNITED STATES DISTRICT JUDGE